246 So.2d 6

STATE of Louisiana

v.

Robert Lee ROBERTSON.

No. 50829.

March 29, 1971.

Richard E. Gerard, Jr., Lake Charles, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Frank T. Salter, Jr., Dist. Atty., James L. Babin, Asst. Dist. Atty., for plaintiff-appellee.

McCALEB, Chief Justice.

Appellant was charged with armed robbery, convicted of simple robbery and sentenced to serve five years in the Louisiana State Penitentiary. On this appeal he relies on two bills of exceptions to obtain a reversal of the conviction and sentence.

The evidence attached to the bills of exceptions reveals that appellant was appre-

hended shortly after the commission of the crime and brought to the police station. He was searched, and money was taken from his person. Also his clothing was removed, bagged and tagged for identification purposes. The money was similarly treated.

During the course of the trial the State offered in evidence the clothes and the money. Defense counsel objected to the introduction thereof for the asserted reason that the State had failed to prove that the evidence was the same evidence taken from the accused when he was arrested. The objection was overruled as to each article and Bills of Exceptions No. 1 and 2 were reserved, No. 1 being taken to the admission of the clothes and No. 2 to the introduction of the money.

Prior to the court's admission of this evidence, the following testimony had been elicited by the State from officers of the Lake Charles, Louisiana Police Force: Vernon Theriot, the arresting officer, testified that he had taken the money and clothes from appellant and turned them over to Sergeant E. P. Smith. The latter was at the station when appellant was brought in and was with Theriot when he counted the money. Smith testified that he gave the money and clothes to Captain Wayne Hester, Jr., the officer in charge of the ID Bureau and records division of the department. Hester said that he had deposited the evidence in bags and marked it for identification purposes and placed it on a shelf in the evidence room. By virtue of his identification tags, he identified the articles as those which he had placed in the bags. It was further shown that only Hester and James Palmertree, an identification officer, had access to the key to the evidence room. The latter testified that he had delivered the bags from the evidence room to Sergeant Smith who produced them in the court room and testified that they had been in his custody since he had received them from Palmertree.

Defense counsel, however, points out that during the cross-examination of Palmertree it was disclosed that some three months prior to the trial, but after the evidence had been received by Hester and placed in the evidence room, which was then located in police headquarters at 439 Broad Street in Lake Charles, Louisiana, the evidence room was relocated at 1120 West 18th Street. Palmertree stated that he had had no part in the removal and relocation of the contents of the room. Hester was not questioned as to whether or not he had supervised the move. And counsel argues that it is to be presumed that he did not, because he testified that he had not seen the evidence since he had placed it in the evidence room.

From this he concludes that the State has failed to prove an unbroken chain of possession of the evidence by the officers since it was taken from the accused.

We disagree with counsel's conclusion that the record does not show that any police officer, particularly Hester, had supervised the moving of the contents of the room and retained control over them during the move. Hester was in charge of the department and only he and Palmertree had access to the room. Consequently, since the latter had said *he* did not assist in the move, *only* Hester *could* have been the party to permit entry into the room and removal of the evidence therein. Moreover, he did testify that the evidence had "been under lock and key since the 31st" (January 31, 1970, when he received it). It is evident that his off-hand comment that he had not seen the evidence since he put it on the shelf referred only to whether he had removed these articles independently for release to someone else.

Besides Sergeant Smith identified the clothing as that worn by appellant when he was brought into the police station. And, with regard to the money, each of the officers testified as to the denominations of the money taken by them from appellant, two of them particularly noting the presence of a torn five dollar bill which had been stapled together. (The robbery victime testified that there was a torn and stapled five dollar bill in the cash register prior to the robbery.) Their description of the currency coincided with that in the bag introduced into evidence.

Under these circumstances we think that the trial court properly held that the evidence was admissible and that the objection went to its weight rather than to its admissiblity. State v. Brown, 249 La. 235, 186 So.2d 576; State v. Whitfield, 253 La. 679, 219 So.2d 493; State v. Coleman, 254 La. 264, 223 So.2d 402; and State v. Wright, 254 La. 521, 225 So.2d 201.

For the reasons assigned, the conviction and sentence are affirmed.